UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GERALD MORA,                           §
                                       §
            Plaintiff,                 §
VS.                                    §        CIVIL ACTION NO. 2:12-CV-334
                                       §
JOSE CHAPA, *et al*,                   §
                                       §
            Defendants.                §

## OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Gerald Mora is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Beeville, Texas.  On October 26, 2012, he filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that certain TDCJ-CID officials had violated his constitutional rights by denying him recommended medical treatment, in deliberate indifference to his serious medical needs.  (See D.E. 1).  In particular, plaintiff claims that he was denied cleaning supplies for his stoma, and that he contracted an infection as a result (*Id.*).  Plaintiff's claim against defendant Nurse Jose Chapa was retained (D.E. 19).  Pending is plaintiff's motion for appointment of counsel (D.E. 28).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v.

<u>Fitzpatrick</u>, 26 F.3d 510, 512 (5th Cir. 1994); <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982). Further, <u>Bounds</u> did not create a "free-standing right to a law library or legal assistance." <u>Lewis v. Casey</u>, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. <u>Jackson v. Dallas Police Department</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. <u>Id.</u> Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony during the evidentiary hearing demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. No trial is set; accordingly, examination of this factor is premature.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award

attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 28) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 9th day of May, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE