UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD MORA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-334 |
| | § | |
| JOSE CHAPA, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
### ON DEFENDANT CHAPA'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant's Motion for Summary Judgment. (D.E. 35). On July 17, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation (D.E. 38) addressing Defendant's Motion for Summary Judgment. (D.E. 35). The Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted and that Plaintiff's claims be dismissed with prejudice. Plaintiff timely filed his objections on July 31, 2013. (D.E. 40). Those objections are set out and discussed below.

First, Plaintiff points out that Defendant failed to disclose facts pertaining to past grievances against the Defendant as well as details about the McConnell Medical Unit in general. Plaintiff fails to provide evidence suggesting that the disclosure of those facts would establish that Defendant acted with deliberate indifference to Plaintiff's serious medical needs with respect to the subject complaint. Plaintiff's argument that Defendant

should have offered evidence with respect to extraneous events is not consistent with the parties' respective burdens of proof.  Plaintiff's first objection is **OVERRULED.**

Second, Plaintiff objects on the grounds that Defendant delayed putting in Plaintiff's order for cleaning supplies for 72 hours from the time of receiving the order and also misrepresented the time that the order was received.  There is no evidence to suggest that this delay actually occurred.  Even when taken as true, Plaintiff's contention that there was a delay is still insufficient to defeat a motion for summary judgment.

"Deliberate indifference is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).  "Failure to alleviate a significant risk that [the official] should have perceived but did not is insufficient to show deliberate indifference."  Id.  (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)) (internal quotation marks omitted).  A decision made by a professional is "presumptively valid; liability may be imposed only when the decision . . . [is] a substantial departure from accepted professional judgment, practice or standards . . . ."  Youngberg v. Romeo, 457 U.S. 307, 323 (1982).

Here, Plaintiff has failed to provide any evidence that suggests Defendant had the requisite awareness or perception and resulting failure to act.  Although Plaintiff provides significant detail about how Plaintiff himself believed his life to be in danger, he does not indicate or even plead facts sufficient to support an inference that Defendant was aware of a risk of serious harm to Plaintiff and acted with deliberate indifference to that serious medical need.  Defendant's decision to have Plaintiff return to his cell and file an I-60 does not signal a "substantial departure from accepted professional judgment."  Indeed, it

is consistent with the standard procedure of the medical unit.  Plaintiff's second objection is **OVERRULED.**

Third, Plaintiff objects because he claims to have witnesses who will testify on his behalf.  Plaintiff has not, however, provided affidavits or declarations from any eyewitness or expert witness that would satisfy his burden to establish that Defendant's conduct clearly violated the law.  When a qualified immunity defense is raised, plaintiff cannot rest on his pleadings; instead, he must show a genuine issue of material fact concerning the reasonableness of [the official's] conduct.  Brazen v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001).  The mere assertion that Plaintiff has witnesses willing to testify on his behalf, without more, does not state any evidence that would call into question the objective reasonableness of Defendant's conduct.  Plaintiff's third objection is **OVERRULED.**

Fourth, Plaintiff reasserts his state law tort claims.  As the Magistrate Judge observed, there is no evidence in the record to suggest that Defendant caused a cognizable injury to Plaintiff or that such an injury even existed.  Causation and damages are essential elements of a tort claim.  Here, neither is present.  Plaintiff's fourth objection is **OVERRULED.**

Fifth, Plaintiff seeks to amend his complaint to include a claim under Title II of the Americans with Disabilities Act (ADA) and under § 504 of the Rehabilitation Act.  The Fifth Circuit has held that claims under Title II of the ADA and claims under § 504 of the Rehabilitation Act are to be treated identically from a jurisprudential standpoint.  Bennett-Nelson v. Louisiana Board of Regents, 431 F.3d 448, 454-55 (5th Cir. 2005);

Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000).  As public entities, prisons are prohibited from denying the benefits of services to a qualified individual with a disability.  42 U.S.C. § 12132; 29 U.S.C. § 794(a).  The pertinent part of § 12131 of the ADA defines the term "public entity" as "any state or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government."  The Rehabilitation Act applies in similar fashion.[1]  However, Plaintiff brings his claims against Defendant in Defendant's individual capacity.  The plain language of Title II does not impose personal liability on a defendant acting in his individual capacity.  42 U.S.C § 12131(1).  Accordingly, Plaintiff does not have a Title II ADA claim or § 504 Rehabilitation Act claim against Nurse Chapa.

Construing Plaintiff's claim liberally, it is conceivable that his request to amend includes a request to join the Texas Department of Criminal Justice (TDCJ) in order to make his ADA and Rehabilitation Act claims against the relevant "public entity."  To state a Title II claim against TDCJ, Plaintiff would have to allege:  "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability."  Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (citations omitted).

---

[1] The Rehabilitation Act prohibits certain programs and activities receiving Federal financial assistance from discriminating against qualified individuals with disabilities. 29 U.S.C. § 794(a).  "Program or activity" includes "all operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government."  29 U.S.C. § 794(b)(1).

The facts on the record in this case are insufficient to support the second and third prongs. More specifically, Plaintiff is complaining that he has been discriminated against with respect to treatment for his disability. Such claims are not appropriate under the ADA. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010).

Although, under FED. R. CIV. P. 15 "[t]he court should freely give leave [to amend] when justice so requires," it is within the discretion of a district court to deny a motion to amend when that amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d 765, 771 (5th Cir. 1999). "An amendment is futile if it would fail to state a claim upon which relief could be granted." Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

As set out above, Plaintiff cannot show that he was denied the benefits of services or otherwise discriminated against by reason of his disability. Accordingly, an amendment would be futile because a claim against the TDCJ would not survive a FED. R. CIV. P. 12(b)(6) motion to dismiss. Plaintiff's request to amend is **DENIED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court

**OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's Motion for Summary Judgment (D.E. 35) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

ORDERED this 27th day of August, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE