UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD MORA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-334 |
| | § | |
| JOSE CHAPA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY MOTIONS FOR RULE 59 RELIEF

### Background

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas. He filed this lawsuit on October 26, 2012, alleging that certain individuals associated with the McConnell Unit medical department were deliberately indifferent to his serious medical needs when they denied him cleaning supplies for his tracheal stoma (D.E. 1). He named as defendants: (1) Nurse Jose Chapa; (2) Dr. Theresa Whitt; and (3) Carrie Hucklebridge, Practice Manager. (Id.).

Following a November 29, 2012 Spears[1] hearing, Plaintiff's constitutional and state law claims against Nurse Chapa in his individual capacity were retained, and service ordered on this defendant. (See D.E. 15, 16, 19).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Defendant Chapa filed a motion for summary judgment (D.E. 35), and final judgment granting summary judgment dismissing all of Plaintiff's claims against Defendant Chapa was entered on August 28, 2013 (D.E. 48, 49). Since that time, Plaintiff has filed three post-judgment motions (D.E. 50, 51, 52). Treating all three motions as timely filed motions to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e), it is respectfully recommended that the motions be denied.

## Discussion

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). Ford v. Elsbury, 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within twenty-eight (28) days of entry of judgment the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.* In this case, final judgment was entered on August 28, 2013 (D.E. 49). Plaintiff's motions were filed on August 29, 2013 (D.E. 50), September 5, 2013 (D.E. 51), and September 18, 2013 (D.E. 52), within twenty-eight (28) days of entry of final judgment, and are considered properly under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment. Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

In his motions, Plaintiff repeats his arguments that he disagrees with the medical care provided to him at the McConnell Unit, which is not a basis for Section 1983

liability. A mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 107 (1976); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Young v. Gray, 560 F.2d 201 (5th Cir. 1977). Nor is an incorrect diagnosis actionable because the deliberate indifference standard has not been met. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). The medical records of the treatment provided demonstrate that Plaintiff received adequate cleaning supplies for his stoma and frequent attention for medical issues, and that even if temporarily denied supplies to clean his stoma, he suffered no injury as a result. The medical records rebut any claim by plaintiff of deliberate indifference.

In his motions Plaintiff also complains of the dismissal of his ADA and Rehabilitation Act claims by the District Court. Plaintiff's arguments were addressed by the District Court in the order adopting the memorandum and recommendation on Defendant Chapa's motion for summary judgment (D.E. 48), and Plaintiff has produced no authority demonstrating that the District Court's judgment was wrong.

Finally, Plaintiff raises new claims in his motion, claiming that he was denied cleaning supplies in retaliation for his filing of this lawsuit. He claims that he was denied cleaning supplies for his stoma on August 25, 2013, and that he suffered an infection as a

result of the denial (D.E. 51, 52). Plaintiff failed to seek leave to add new claims, which he was required to do pursuant to the order setting deadlines (D.E. 21). Even if sought, leave would not have been granted because the motion would have been untimely. See Jackson v. Columbus Dodge, Inc., 767 F.2d 120, 121 (5th Cir. 1982) (no abuse of discretion by denying leave to amend after summary judgment motions filed); Daly v. Sprague, 7676 F.2d 716, 723 (5th Cir. 1982) (affirming denial of leave to amend pleadings after 16 months of litigation). Plaintiff is free to exhaust his administrative remedies and file a new lawsuit raising these claims. New claims arising after the filing of summary judgment motions and after entry of judgment are not timely. It is respectfully recommended that these claims be dismissed without prejudice so that Plaintiff may exhaust his administrative remedies and raise the claims in a new lawsuit.

## RECOMMENDATION

It is respectfully recommended that Plaintiff's motions, treated as Rule 59(e) motions to alter or amend the judgment (D.E. 50, 51, 52) be denied. To the extent that Plaintiff is raising new claims related to the denial of cleaning supplies on August 25, 2013, it is respectfully recommended that all such claims be dismissed without prejudice so that Plaintiff may raise such claims in a new complaint.

Respectfully submitted this 23rd day of September, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).